ROSS, J.

ORENSTEIN, M.J.

**CV 14         4158**

'14 JUL -7 PM 2:52

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ROBERT G. DREITLEIN,

       Plaintiff,

      -against-

VELDOS, LLC f/k/a ASSET
MANAGEMENT PROFESSIONALS,
LLC,

       Defendant.
-----------------------------------------------------X

CASE NO.:

COMPLAINT

PLAINTIFF DEMANDS TRIAL
BY JURY

## COMPLAINT

ROBERT G. DREITLEIN ("Plaintiff"), by and through his attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against VELDOS, LLC f/k/a ASSET

MANAGEMENT PROFESSIONALS, LLC ("Defendant"):

### INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"),

which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court

original jurisdiction of all civil actions arising under the laws of the United States.

- 1 -

3.      Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Bay Shore, New York 11707.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a corporation with its principal place of business located at 435 Devon Park Drive, 500 Building, Wayne, Pennsylvania 19087.

8.      At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     At all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt related to a Visa debt from 1998.

11.     The alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

12.     Beginning on or around September 2013, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempt to collect the alleged debt.

- 2 -

PLAINTIFF'S COMPLAINT

13. Defendant's collectors, including an employee named Mr. Turner, called Plaintiff from numbers including, but not limited to, (678) 784-3680, (888) 355-7515 and (646) 502-3056. The undersigned has confirmed that these telephone numbers belong to Defendant.

14. During these communications, Defendant threatened to garnish Plaintiff's wages and freeze his bank accounts.

15. Plaintiff advised Defendant that he received only Veteran's Affairs disability and Supplemental Social Security Income.

16. As such, Defendant could not have taken such action.

17. Upon information and belief, Defendant also did not intend to take such action.

18. Further, Plaintiff advised Defendant that the debt was outside the statute of limitations, was not going to pay it, and that Defendant should stop calling.

19. Despite being clearly told that the debt was disputed, Defendant continued to call Plaintiff seeking to collect this debt.

20. Once Defendant was aware that Plaintiff refused to pay and/or disputed the debt and/or did not wish to be contacted there was no reason for additional calls, except for the purposes of harassment.

21. Defendant engaged in the actions described above with the intent to harass, annoy and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 169d(5) OF THE FDCPA**

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

- 3 -

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated §§ 1692d and 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone, and when it continued to call Plaintiff after being advised by Plaintiff that he did not wish to be contacted and had not intention on paying the alleged debt.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e, 1691e(4) and 1692e(10) OF THE FDCP

25. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. A debt collector violates § 1692e(4) by representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

27. A debt collector violates § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. Defendant violated §§ 1692e, e(4) and e(10) when it threatened to garnish Plaintiff's wages and freeze his bank accounts when such action was not possible and not intended to be taken.

- 4 -

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

29.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

30.     Defendant violated § 1692f when it harassed Plaintiff with its repeated attempts to contact him, threatening to garnish his wages and freeze his bank accounts, and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, ROBERT G. DREITLEIN, respectfully prays for judgment as follows:

  a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

  d.  Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT G. DREITLEIN, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1

RESPECTFULLY SUBMITTED,

2

Dated: July 2, 2014

KIMMEL & SILVERMAN, P.C.

3

By:

4

Craig Thor Kimmel
Attorney ID #2790038

5

Attorney for Plaintiff
1001 Avenue of the Americas, 12th Floor

6

New York, New York 10018
Phone: (212) 719-7543

7

Facsimile: (877) 617-2515
Email: kimmel@creditlaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 6 -